UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN L. MCCART,

                              Plaintiff,              09-CV-6472

              v.                                **DECISION
                                                and ORDER**

THE VILLAGE OF MOUNT MORRIS,
THE MOUNT MORRIS POLICE DEPARTMENT,
DAVID BEERS, AND OTHER KNOWN OR UNKNOWN
MEMBERS OF THE MOUNT MORRIS
POLICE DEPARTMENT

                              Defendants.
_____

## <u>INTRODUCTION</u>

    Plaintiff, John L. McCart ("Plaintiff"), brings this action
pursuant to 42 U.S.C. § 1983 ("§ 1983") and New York state law,
alleging violations of his civil rights, malicious prosecution,
false arrest, battery, tortious interference with business
relations, negligent hiring, training, supervision and retention,
and intentional infliction of emotional distress relating to his
allegedly unlawful arrest on March 16, 2008. <u>See</u> Compl. (Docket
#1).

    Defendants, the Village of Mount Morris, the Mount Morris
Police Department and David Beers (collectively "Defendants") move
for summary judgment pursuant to Rule 56 of the Federal Rules of
Civil Procedure ("Rule 56"). Defendants specifically contend that
several of Plaintiff's state law claims are barred by the
applicable statute of limitations and that Plaintiff failed to

timely comply with state law notice of claim requirements. Defendants also contend that Plaintiff has failed to establish a claim for municipal liability, that qualified or state law immunity should bar the claims against Defendant Beers in his individual capacity, and that Plaintiff has failed to establish a prima facie case with respect to all of his claims.

For the reasons set forth herein, this Court grants in part and denies in part Defendants Motion for Summary Judgment. Defendant Beers' Motion for Summary Judgment on Plaintiff's claims for state law malicious prosecution and false arrest based on qualified immunity are denied without prejudice to renew.

## BACKGROUND

The following facts are taken from the parties' submissions pursuant to Local Rule 56 and the record in this case and are not in dispute except where noted.  On March 16, 2008, Plaintiff was present at his bar, McCart's Tavern ("McCart's"), in the Village of Mount Morris.  Officer David Beers was patrolling the street on which McCart's Tavern is located and he noticed a group of people blocking the sidewalk in front of McCart's and another establishment.  Officer Beers estimated that fifteen people were on the sidewalk, while Plaintiff states that there were roughly eight to ten people.

Officer Beers testified that he approached the group and told them to go back inside, in an attempt to clear the sidewalk for

pedestrians.  Some people complied with the his order, but others remained outside.  Plaintiff then came out of the bar, after hearing from patrons that they were ordered to come inside. Officer Beers again directed Plaintiff and the remaining people to go inside, stating that if they did not comply with the order they would be arrested. Plaintiff testified that he "just looked" at Officer Beers and he thought he was kidding.  Officer Beers stated in the accusatory instrument that Plaintiff then said "do what you have to do" in response to his order to disperse and that failing to disperse would result in arrest.  Plaintiff could not recall his words, but testified that he said something like "what for" or "whatever."

Plaintiff was arrested for disorderly conduct in violation of N.Y. Penal Law § 240.20(6). Plaintiff testified that when he was arrested he was the only person left outside, as everyone else had apparently followed Officer Beers' order to go inside. Officer Beers indicated that he believed that two other people may have been outside with Plaintiff at the time he was arrested.  Plaintiff was placed in handcuffs, taken to the police station, placed in a holding cell for approximately fifteen minutes, and released a few hours later.  Plaintiff testified that he was handcuffed for approximately one half-hour, including the time that he was in the holding cell.  Plaintiff was not injured as a result of the application of handcuffs and there is no evidence to suggest that

Officer Beers applied more force than he typically would need to apply to secure handcuffs on a person.  Plaintiff was released with an appearance ticket later that night.

On June 24, 2008, the criminal charge against Plaintiff was dismissed by the Village Court on the motion of the Plaintiff because, the Village Court wrote, "he raise[d] good points regarding [his] right to be there" in his motion papers. Defendants have submitted a handwritten note from the Court, which notes that the case was dismissed "in the interest of justice."

Plaintiff also states that a patron was later arrested on August 9, 2008.  Plaintiff alleges that the arrest occurred under similar circumstances, however, other than the fact that the arrest occurred, the record does not contain evidence regarding the factual context of this arrest or whether it was also challenged as unconstitutional. The arrest of his patron forms the basis of several of Plaintiff's claims.

## DISCUSSION

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See Fed.R.Civ.P. 56(c). The court must view all facts in the light most favorable to the nonmoving party, but "only if there is a 'genuine' dispute as to those facts." See Scott v. Harris, 550 U.S. 372, 380

(2007).  A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The nonmoving party, however, may not rely on "[c]onclusory allegations, conjecture, and speculation," Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir.1998), but must affirmatively "set out specific facts showing a genuine issue for trial." See Fed.R.Civ.P. 56(e). To discharge this burden, "a plaintiff must come forward with evidence to allow a reasonable jury to find in his favor" on each of the elements of his prima facie case. See Lizardo v. Denny's, Inc., 270 F.3d 94, 101 (2d Cir.2001); see also D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir.1998) ("non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of...events is not wholly fanciful.")).

**A. Notice of Claim and Statute of Limitations**

Defendants argue that Plaintiff failed to timely file a notice of claim pursuant to New York General Municipal Law ("GML") § 50-e with respect to his state law claims for false arrest, battery, tortious interference with business relations, and intentional infliction of emotional distress.[1]   They further contend that his

---

[1]It appears from the face of the Complaint that Plaintiff is also attempting to allege a state law cause of action for negligent hiring, training and supervision. However, Plaintiff has clarified in his opposition to the instant motion that this claim is brought only under § 1983.  Further, the

claims are barred by the applicable statute of limitations. <u>See</u> Def. Mem. of Law at 6-7 (Docket #18).

Pursuant to GML § 50-e(1)(a), a notice of claim must be filed in any suit founded in tort against a municipality or its employees "within ninety days after the claim arises." The statute of limitations for such claims is one year and ninety days. <u>See</u> GML § 50-i(1)(c); <u>see also</u> <u>Baez v. New York City Health and Hospitals Corp.</u>, 80 N.Y. 2d 571, 576 (N.Y. 1992)(applying the one year and ninety day limitations period to claims against municipal employees). Plaintiff contends that his claims did not accrue until June 24, 2008, the date that the Village Court dismissed the disorderly conduct charge. Based on this date, he contends that he timely filed a notice of claim on September 19, 2008 and this law suit on September 16, 2009.

Defendants argue that Plaintiff's state law claims for false arrest, battery, tortious interference with business relations, and intentional infliction of emotional distress accrued on March 16, 2008, the date of his arrest. With this accrual date, to be timely, Plaintiff must have filed his notice of claim by June 16, 2008 and this lawsuit by June 16, 2009. In their view, the only

_____

Complaint lists Plaintiff's state law claims for tortious interference with business relations and intentional infliction of emotional distress under a heading for his § 1983 claims, however, it is unclear what constitutional violation Plaintiff asserts with respect to these claims and Plaintiff's opposition discusses these claims with respect to state law only. Accordingly, this Court construes these claims as state law claims.

state law claim that is timely is the malicious prosecution claim, which accrued on June 24, 2008, when the charge was dismissed.

While Plaintiff's state claim for malicious prosecution accrued on the date that the underlying proceeding was dismissed, his false arrest claim accrued on the date he was released from confinement. See Nunez v. City of New York, 307 A.D.2d 218 (1st Dept. 2003). It is uncontested that Plaintiff was arrested on March 16, 2008 and released within a few hours. Accordingly, Plaintiff's state law cause of action for false arrest accrued on March 16, 2008 and is now time barred by the applicable statute of limitations. Similarly, Plaintiff's state law causes of action for battery and intentional infliction of emotional distress accrued on March 16, 2008, as the facts in support of those claims also relate to the allegedly unlawful arrest. Therefore, his state law claims for battery and intentional infliction of emotional distress are untimely. Because these claims accrued on March 16, 2008, Plaintiff's notice of claim, filed on September 16, 2008 was also untimely. Accordingly, his state law claims for false arrest, battery and intentional infliction of emotional distress are hereby dismissed with prejudice.

But it appears that Plaintiff's claim for tortious interference with business relations accrued after March 16, 2008. Plaintiff asserts that Defendant Beers arrested a patron of his bar on August 9, 2008 and that this arrest is the basis for his claim.

Declaration of Jeffrey Wicks at ¶19; Pl. Mem. of Law at 6-7.
Defendants have not responded to this argument.  Plaintiff's notice
of claim and this lawsuit would be timely if measured from August
9, 2008.   However, as set forth below, because this Court finds
that Plaintiff has failed to establish the requisite elements of a
claim for tortious interference with business relations, this claim
must also be dismissed.

### B. Tortious Interference with Business Relations

Under New York Law, a claim for tortious interference with
business relations requires a plaintiff to establish the following:

> (1)business relations with a third party; (2)the
> defendant's interference with those business relations;
> (3)the defendant acted with the sole purpose of harming
> the plaintiff or used dishonest, unfair or improper
> means; and (4)injury to the business relationship.

See Nadel v. Play-By-Play Toys & Novelties, Inc., 208 F.3d 368 (2d
Cir. 2000).   Plaintiff contends that Defendant Beers arrested a
patron of his bar on August 9, 2008 to intentionally harm Plaintiff
and that this arrest interfered with and injured his business
relationship with the patron. See Pl. Mem. of Law at 6-7.
Plaintiff cites Carvel Corp. v. Noonan, 3 N.Y.3d 182, 190 (N.Y.
2004), which holds that a claim for interference with business
relations may be based on a non-binding business relationship.
However, in such cases "as a general rule, the defendant's conduct
must amount to a crime or an independent tort" or, in the
alternative, the plaintiff must show that the defendant's sole

motive was to intentionally inflict harm on the plaintiff.  Id.; see also Friedman v. Coldwater Creek, Inc., 321 Fed. Appx. 58, 2009 WL 932546 (2d Cir. 2009).

Plaintiff has not presented evidence from which a reasonable jury could find that the August 9, 2008 arrest of his patron was unlawful or that it was made intentionally to harm Plaintiff. There is no evidence that Defendant Beers had a deleterious motive in making the arrest.  Further, there is no evidence in the record that the arrest actually caused any injury to Plaintiff's relationship with his patron.

Defendant Beers testified that he did not remember the circumstances of the patron's arrest. Beer's Dep. at 74-79. Plaintiff testified that he was not present when the patron was arrested and he also did not know the circumstances behind the arrest or the outcome of the patron's arrest (including whether he was actually charged with a crime or a violation of law).  McCart Dep. at 88-89. Plaintiff did not provide any evidence that the patron either refused to come to the bar after the arrest or that the "business relationship" between Plaintiff and this patron was in some other way harmed because of the arrest. Id.  Plaintiff's speculation that the arrest of his patron was unlawful or that it was done with the intention of harming him or his business is insufficient to create a material issue of fact with respect to this claim. See D'Amico 132 F.3d at 149.  Accordingly, Defendant's

Motion for Summary Judgement on this claim is granted. Plaintiff's claim for tortious interference with business relations is hereby dismissed with prejudice.

## C. § 1983 Claims against the Village

A plaintiff who seeks to recover under § 1983 against a municipality or employees of a municipality in their official capacities must show that a constitutional violation resulted from a municipal policy or custom. See Monell v. Dep't. of Soc. Serv., 436 U.S. 658, 694 (1978); Patterson v. County of Oneida, 375 F.3d 206, 226 (2d Cir.2004)(superseded in part on other grounds by the Civil Rights Act of 1991, Pub.L. No. 102-166, 105 Stat. 1071, amending 42 U.S.C. § 1981)). This analysis applies equally to individual defendants who are sued in their official capacity, as "[a]n official capacity suit against a public servant is treated as one against the governmental entity itself." See Reynolds v. Giuliani, 506 F.3d 183, 191 (2d Cir.2007).

"To establish the existence of a municipal policy or custom, the plaintiff must prove: (1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's [rights]; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by

policymakers to properly train or supervise their subordinates, amounting to 'deliberate indifference' to the rights of those who come in contact with the municipal employees." See Prowisor v. Bon-Ton, Inc., 426 F.Supp.2d 165, 174 (S.D.N.Y. 2006) aff'd 232 Fed. Appx. 26 (2d Cir. 2007).

Plaintiff contends that a municipal policy can be shown through Defendant Beers' "practice of clearing the sidewalks" which he states is "so consistent and widespread within the Village of Mount Morris Police Department that it constitutes a custom of usage sufficient to impute constructive knowledge...to policymaking officials." Pl. Mem. of Law at 11. However, Plaintiff does not cite to any evidence to support this contention and a review of the record does not reveal that Defendant Beers or any other member of the Mount Morris Police Department actually engaged in a "practice of clearing sidewalks." Other than his own allegedly unlawful arrest for failing to comply with Defendant Beers' order to clear the sidewalk on March 16, 2008, Plaintiff can not point to any other instance of unlawful or unconstitutional conduct on the part of Defendant Beers or any other Mount Morris police officer. McCart Dep. at 72, 85. While Plaintiff contends that the arrest of his patron occurred under similar circumstances, Plaintiff has not submitted any evidence from which a reasonable jury could conclude that the arrest of the Patron was unlawful or unconstitutional. Plaintiff was not present at the time of the arrest and he does not

know if the patron was, in fact, lawfully arrested.  Defendant Beers also did not recall the circumstances of the patron's arrest, and there is no other evidence in the record from which a reasonable jury could conclude that this arrest was unlawful or representative of a pattern or practice of "clearing sidewalks" which is so persistent and widespread that it constitutes a municipal policy or custom.

Without evidence of other instances of unconstitutional conduct by Beers or other Mount Morris police offers, this Court can not find that there was a custom sufficient to establish municipal liability. See Roe v. City of Waterbury, 542 F.3d 31 (2d Cir. 2008)(for the proposition that a single unconstitutional incident by a municipal official is insufficient to show an official policy or custom where the official does not have final policymaking authority and the conduct cannot otherwise be imputed to the municipality). Plaintiff's unsupported, conclusory statement that an allegedly unconstitutional practice of "clearing sidewalks" was so persistent and widespread that it constitutes a custom is insufficient to create a material issue of fact.  See Patterson, 375 F.3d at 228.

Plaintiff also contends that the municipality should be held liable for Defendant Beers' actions based on the failure to train,

and negligent hiring, supervision and retention[2] which he claims
amounted to a "deliberate indifference" to his rights. See Pl. Mem.
of Law at 6.  "A failure to supervise claim requires allegations as
to the violation itself and policymakers' reaction to it, [and] a
failure to train claim...requires evidence as to the city's
training program and the way in which that program contributed to
the violation." See Amnesty America v. Town of West Hartford, 361
F.3d (2d Cir. 2004). To establish a claim for municipal liability
based on the failure to supervise, the "evidence must
establish...that a policymaking official had notice of a
potentially serious problem of unconstitutional conduct, such that
the need for corrective action or supervision was 'obvious,' and
the policymaker's failure to investigate or rectify the situation
evidences deliberate indifference, rather than mere negligence or
bureaucratic inaction." Id. (internal citations omitted).  A
failure to train theory requires Plaintiff to (1) "establish ...
that the officials' purported failure to train occurred under
circumstances that could constitute deliberate indifference," and

---

[2]Neither party specifically discusses the negligent hiring or retention aspect of this claim,
however, there is no evidence in the record regarding the Village's hiring or retention practice in
general or how it relates to Defendant Beers. There is also no evidence that the Village knew or
should have known of any wrongful conduct on the part of Beers prior to or during his
employment with the Village to support a claim for negligent hiring or retention.  Similarly, there
is no evidence that Beers engaged in any wrongful conduct prior to his employment with the
Village or that the Village knew of the allegedly unlawful arrest of Plaintiff and failed to
respond. Accordingly, to the extent Plaintiff seeks to hold the Village liable for negligent hiring
or retention, this Court finds that Plaintiff has not submitted sufficient evidence to create a
material issue of fact, and his claim is now dismissed with prejudice.

(2) "identify a specific deficiency in the city's training program and establish that that deficiency is 'closely related to the ultimate injury,' such that it 'actually caused' the constitutional deprivation." Id. (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 391 (1989)).

The only evidence in the record regarding the Village's training program is Defendant Beers' testimony that he received training both at the police academy and in the field.   Beers Dep. at 21.   There is no evidence in the record regarding the actual training Beers received, and Plaintiff does not point to any specific deficiency in the city's training program that caused the alleged constitutional violation.   Plaintiff cannot establish a claim against the municipality for the failure to train based solely on the fact that the alleged violation occurred or that a particular officer was either inadequately trained or was adequately trained and made a mistake. See City of Canton, 489 U.S. at 390-391.   Therefore, this Court finds that Plaintiff has not established a claim for municipal liability based on the failure to train.

Plaintiff has also not presented any evidence that the Village knew of the alleged misconduct or should have been on notice of the potential for a constitutional violation such that the need for additional training, supervision or corrective action was necessary.   Plaintiff testified that he did not inform the Village

or the Mount Morris Police department that he believed his constitutional rights were being violated. McCart Dep. at 71. Further, there is no evidence from which a reasonable jury could conclude that the Village had knowledge of the alleged unlawful activity for any other reason. Therefore, this Court finds that Plaintiff has not presented evidence from which a reasonable jury could find that the Village is liable based on the failure to supervise.

Accordingly, Plaintiff's claims against the Village pursuant to § 1983 are hereby dismissed with prejudice.

### D. Claims against Defendant Beers in his Individual Capacity

Defendant Beers argues that any claims against him in his individual capacity should be dismissed as he is entitled to qualified immunity under § 1983 and state law[3]. See Def. Mem. of Law at 8, 16-17. Qualified immunity is an affirmative defense that protects public officials from civil liability under § 1983 for discretionary acts where the conduct alleged (1) "did not violate clearly established rights of which a reasonable person would have known, or (2) it was objectively reasonable [for them] to believe that their acts did not violate these clearly established rights." See Amore v. Novarro 624 F3d 522 (2d Cir. 2010)(quoting Cornejo v. Bell, 592 F3d 121, 128 (2d Cir. 2010)). "[T]he qualified immunity defense...protects an official if it was 'objectively reasonable'

---

[3]The only remaining state law claim is Plaintiff's claim for malicious prosecution.

for him at the time of the challenged action to believe that his acts were lawful." <u>See</u> <u>Taravella v. Town of Wolcott</u>, 599 F.3d 129, 134 (2d Cir. 2010)(quoting <u>Higazy v. Templeton</u>, 505 F.3d 161, 169-70 (2d Cir.2007)). Summary judgement is appropriate on the issue of qualified immunity where the material facts relevant to the issue of qualified immunity are not in dispute and where "no reasonable jury, looking at the evidence in the light most favorable to, and drawing all inferences most favorable to, the plaintiff[], could conclude that it was objectively unreasonable for the defendant to believe that he was acting in a fashion that did not clearly violate an established federally protected right." <u>See</u> <u>Lennon v. Miller</u>, 66 F.3d 416, 420 (2d Cir. 1995).

Without actually citing to any actual facts in dispute, Plaintiff contends that there is material issue of fact "with regard to whether Officer Beers did not act in an objectively reasonable manner." Pl. Mem of Law at 9. However, "if there is no dispute about the material facts, the district court should assess the reasonableness of the defendants' conduct under the circumstances presented in order to determine on summary judgment whether the defendants are entitled to qualified immunity." <u>See</u> <u>Lennon</u> 66 F.3d at 421. However, after reviewing the record in its entirety, this Court finds that there are material issues of fact that preclude summary judgment on the issue of federal and state

qualified immunity and as to the underlying issue of whether there was probable cause to arrest.

    (1) <u>False Arrest and Malicious Prosecution</u>

An officer is entitled to qualified immunity on a false arrest or malicious prosecution claim where "either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." <u>See</u> Lennon 66 F.3d at 423 (applying the same standard for assessing whether qualified immunity exists to both a false arrest and malicious prosecution claim).

Defendant Beers argues that there was probable cause to arrest Plaintiff for disorderly conduct.  In the alternative, Defendant Beers contends that it was objectively reasonable for him to believe that probable cause existed or, at least, that reasonable officers could disagree whether the test was met, thus entitling him to qualified immunity on Plaintiff's false arrest and malicious prosecution claims. <u>See</u> Def. Mem. of Law at 7-9, 16-17.

"Probable cause to arrest exists when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." <u>Golino v. City of New Haven</u>, 950 F.2d 864 (2d Cir. 1991).  Plaintiff was

arrested and charged with a violation of N.Y. Penal Law § 240.20(6) which states,

> "A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof...(6) He congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse."

"Under this statute a person is guilty of committing disorderly conduct if he refuses to obey an officer's order to move, unless the order was 'purely arbitrary' and 'not calculated in any way to promote the public order.'" See Crenshaw v. City of Mount Vernon, 372 Fed. Appx. 202, *206, 2010 WL 1568603, **2 (2d Cir. 2010). However, even where the order was not "purely arbitrary," if "a defendant's refusal to move on was orderly and quiet" the offense of disorderly conduct was not committed. See People v. Benjamin,185 Misc. 2d 466 (City Crim. Ct. 2000)(citing People v. Arko, 199 N.Y.S. 402, 405 (Ct. of Special Sessions, Appellate Term, 2nd Dept.1922)). "The case must present proof of some definite and unmistakable misbehavior, which might stir, if allowed to go unchecked, the public to anger or invite dispute, or bring about a condition of unrest and create a disturbance." Arko, 199 N.Y.S. at 405. Additionally, "it must be shown that defendants were 'congregating with others' at the time the order was refused." See People v. Carcel, 3 N.y.2d 327, 333 (N.Y. 1957). The New York

Court of Appeals has interpreted this to mean that at least three people are assembled at the time of the arrest. Id.

On March 16, 2008, Officer Beers was attempting to clear a group of people (roughly eight to ten) gathered on a public sidewalk in front of Plaintiff's bar and another establishment, so that pedestrians could walk through the business district. Beers Dep. at 34; Pl. Statement of Material Issues of Fact at ¶2. Beers initially told the group to go inside, but several people remained outside. Pl. Statement of Material Facts not in Dispute at ¶5-7. Plaintiff then came out of the bar after hearing that the police had ordered people to clear the sidewalk. Id. at ¶6. Officer Beers again directed Plaintiff and the remaining people inside, stating that if they did not comply with the order they would be arrested. Id. at ¶7-8. Plaintiff testified that he "just looked" at Officer Beers and he believed he was joking. McCart Dep. at 61-64.

At this point, the parties' versions of the facts begin to diverge. Officer Beers stated in the accusatory instrument that Plaintiff said "do what you have to do" in response to his order to disperse and his warning that failing to disperse would result in arrest. Def. Exhibit D. Plaintiff could not recall his words, but stated that he said something like "what for" or "whatever." McCart Dep. at 68. Plaintiff also testified that when he was arrested he was the only person left outside, as everyone else had apparently followed Officer Beers' order to go inside. McCart Dep. at 61, 63-

64.  Officer Beers indicated that he believed that two other people may have been outside with Plaintiff at the time he was arrested. Beers Dep. at 42-43; McCart Dep. at 69.

While, Plaintiff admits that he and a group of people were initially congregated outside of his bar while Defendant Beers attempted to disperse the crowd, it is disputed whether, when he was actually arrested, the group was still present.  Crediting Plaintiff's version of the facts and taking all reasonable inferences in his favor, this Court cannot say that no rational jury could find that it was objectively unreasonable for Officer Beers to believe that he had "reasonably trustworthy information" to arrest Plaintiff for failing to follow his lawful order to disperse, if he was the only person on the sidewalk at the time. Further, a rational jury could conclude that no officer of reasonable competence could disagree that probable cause in this instance was lacking. Cf. Crenshaw, 372 Fed. Appx. at *206 (probable cause existed where plaintiff, initially only standing with his niece, continued to interfere with lawful police conduct after ordered to stop where a crowd of thirty people had gathered by the time of his arrest). Accordingly, because there is a material issue of fact with respect to this element of the charge of disorderly conduct, this Court finds that it is premature to determine whether Officer Beers in entitled to qualified immunity on the false arrest and malicious prosecution claims.

This court also notes that there are competing inferences that could be drawn with respect to whether Plaintiff possessed the requisite intent to "cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof," based on this disputed issue of fact.  It is unclear whether Plaintiff made the admitted statements to Defendant Beers while other people remained on the sidewalk. If Plaintiff were the only person obstructing the sidewalk at the time, a rational jury could find that it was not objectively reasonable for officer Beers to believe that Plaintiff was causing or creating a risk of a public disturbance by remaining on the sidewalk in verbal defiance of the officer's order.  Other than Plaintiff's statements to Defendant Beers, the record is lacking in evidence to support Defendant Beers' contention that it was objectively reasonable for him to believe that Plaintiff was creating a risk of a public disturbance.  This is particularly true if Plaintiff was, in fact the only person remaining on the sidewalk at the time. Cf. Rivera v. City of N.Y., 40 A.D.3d 334, 836 N.Y.S.2d 108, 112 (1st Dep't 2007) (probable cause where group of protestors failed order to disperse and where it was undisputed that rocks and bottles were thrown at the police).

Accordingly, because this Court finds that there is a material issue of fact as to whether Plaintiff was the only person on the sidewalk when Officer Beers issued the last order to disperse and when Plaintiff was arrested, this Court finds that it is premature,

on the state of this record, to determine whether Defendant Beers is entitled to qualified immunity on Plaintiff's § 1983 claims for false arrest and malicious prosecution or whether there was actual probable cause to arrest.  For the same reason, this Court denies Defendants motion for summary judgment on Plaintiff's state law claim for malicious prosecution.  See Jones v. Parmley, 465 F.3d 46, 63-64 (2d Cir. 2006)(finding that material issues of fact precluded summary judgement of state law claim based on state law qualified immunity).

(2) § 1983 Malicious Prosecution

Defendant Beers also raises several other arguments with respect to Plaintiff's state and federal claims for malicious prosecution. He first argues that Plaintiff's state and federal claims for malicious prosecution should also be dismissed based on the fact that the underlying charge was dismissed "in the interest of justice."  Defendant contends that such a dismissal may not form the basis of a claim for malicious prosecution, as the claim requires that the underlying criminal proceeding terminated in the plaintiff's favor. Def. Mem. of Law at 9.  However, under New York Law, a dismissal "in the interest of justice" may be considered a termination in the plaintiff's favor where "the circumstances surrounding the termination are not inconsistent with the innocence of the accused." See Cantalino v. Danner, 96 N.Y. 2d 391, 395 (2001).  Here, the Village Court dismissed the underlying charge

against Plaintiff because "he raise[d] good points regarding [his] right to be there." See Pl. Exhibit F.  This Court does not find that the dismissal was, as a matter of law, inconsistent with Plaintiff's innocence of the underlying charge such that his claim for malicious prosecution is now barred.

Defendant Beers also asserts for the first time in his Reply Brief that Plaintiff has failed to establish a sufficient post-arraignment deprivation of liberty to assert a cause of action for malicious prosecution under § 1983. Def. Reply at 5-6.  While Plaintiff has not had an opportunity to respond to this argument, a review of the record indicates that Defendant is entitled to summary judgement on his § 1983 claim for malicious prosecution because there is no evidence that Plaintiff suffered a deprivation of liberty related to the criminal prosecution, which is an essential element of a claim for malicious prosecution under § 1983. See Burg v. Gosselin, 591 F.3d 95, 97 (2d Cir. 2010). Plaintiff was issued an appearance ticket following his arrest and he testified that he actually appeared in court a "couple of times." McCart Dep. at 70.  The Second Circuit in Burg held, "that the issuance of a pre-arraignment, non-felony summons requiring a later court appearance, without further restrictions, does not constitute a Fourth Amendment seizure." Id. at 98.  There is no evidence in the record to indicate that Plaintiff was restricted in any way other than his required appearance in court on a few

occasions.  Id. at 97-101. (citing cases describing situations which might amount to a seizure for purposes of a § 1983 claim for malicious prosecution).  Accordingly, this Court grants Defendant Beers' Motion for Summary judgment on this claim and Plaintiff's claim for malicious prosecution under § 1983 is dismissed with prejudice.

(3) <u>Excessive Force</u>

Defendant Beers also contends that he is entitled to qualified immunity on Plaintiff's claim for the use of excessive force. The Supreme Court has stated, "[o]ur Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." <u>See</u> <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989).  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." <u>Id</u>. (internal citations omitted).  To determine whether Defendant Beers is entitled to qualified immunity on Plaintiff's claim for excessive force, the Court must determine "whether a reasonable officer could have believed that the use of force alleged was objectively reasonable in light of the circumstances." <u>Lennon</u>, 66 F.3d at 425. A court must evaluate the particular circumstances of the case to determine whether the application of force was reasonable. <u>See</u> <u>Soares v. State of Conn.</u>, 8 F.3d 917, 921 (2d Cir. 1993).

Plaintiff essentially contends that because there was no probable cause to arrest, any force used in effectuating his arrest was unlawful. Pl. Mem. of Law at 8. However, the issue of whether there was probable cause to arrest exists is not dispositive of Plaintiff's claim for excessive force. See Jones v. Parmley, 465 F.3d 46, 62 (2d Cir. 2006)(explaining that even where an arrest is made in the absence of probable cause, the issue of whether the force used to effectuate that arrest was excessive is analyzed under the "reasonableness" test outlined in Graham v. Connor).

The Second Circuit in Soares declined to hold that "handcuffing an arrestee is per se reasonable" under this standard. Id. Accordingly, the Court in that case declined to find that the handcuffing of a person arrested for a minor and non-violent crime was objectively reasonable as a matter of law. Id. However, the Court held that the officers in Soares were nonetheless entitled to qualified immunity on the excessive force claim because "[n]either the Supreme Court nor the Second Circuit has established that a person has the right not to be handcuffed in the course of a particular arrest, even if he does not resist or attempt to flee." Id. at 922.

Here, the undisputed facts are that Plaintiff was arrested, placed in handcuffs, taken to the police station, placed in a holding cell for approximately fifteen minutes, and released a few hours later. McCart Dep at 65; Def. Statement of Uncontested Facts

¶11. Plaintiff testified that he was handcuffed for approximately one half hour. McCart Dep at 65-67. Plaintiff was not injured as a result of the application of handcuffs and there is no evidence to suggest that Officer Beers applied more force than he typically would need to apply to secure handcuffs on a person. Id. at 65-72. Rather, Plaintiff contends that the application of force was unreasonable based on the lack of probable cause to arrest. Pl. Mem. Of Law at 8.  Plaintiff further contends that he "posed no threat to either the officer or any of the other people present" and that "[w]hile he made verbal protests against the interference with his patrons...[he did not] actively resist or attempt to evade what was an unlawful arrest." Id.

Based on these undisputed facts, this Court finds that Defendant Beers is entitled to qualified immunity on Plaintiff's excessive force claim.  Defendant Beers made an assessment at the time of the arrest that it was reasonable to handcuff the Plaintiff and take him to the police station where he was issued an appearance ticket.  Plaintiff was unharmed and he does not contend that any other force was used other than the application of handcuffs. Plaintiff does not allege that the handcuffs left bruises or were unreasonably tight.  Under these circumstance, this Court finds that a rational jury could not find that the force was so excessive that no reasonable officer would have acted in the same way. See Lennon, 66 F.3d at 425-6.  Further, pursuant to

Soares, without allegations of injury or other circumstances indicating that the force used was "excessive," Plaintiff has not established that Officer Beers violated a "clearly established" right through the application of handcuffs. 8 F.3d at 920-22; *cf.* Maxwell v. City of New York, 380 F.3d 106 (2d Cir. 2004)(handcuffing arrestee sufficient to survive summary judgement where there were issues of fact as to whether plaintiff was shoved into the police car and whether she suffered an injury therefrom).

Therefore, Plaintiff's claim for excessive force under § 1983 is dismissed with prejudice.

## CONCLUSION

For the reasons set forth herein, this Court grants in part and denies in part Defendants' Motion for Summary Judgment. It is hereby,

**ORDERED** that Plaintiff's state law claims for false arrest, battery, tortious interference with business relations, and intentional infliction of emotional distress are dismissed with prejudice;

**FURTHER** that Plaintiff's § 1983 claims against the Village of Mount Morris are dismissed with prejudice;

**FURTHER** that Plaintiffs § 1983 claim for excessive force is dismissed with prejudice;

**FURTHER** that Plaintiff's § 1983 claim for malicious prosecution is dismissed with prejudice;

**FURTHER** that Defendant's Motion for Summary Judgment on Plaintiff's state law malicious prosecution claim and his § 1983 claim for false arrest, based on state and federal qualified immunity is denied without prejudice to renew.


**ALL OF THE ABOVE IS SO ORDERED.**

                                  s/ Michael A. Telesca
                                  MICHAEL A. TELESCA
                                  United States District Judge

Dated:     Rochester, New York
           August 4, 2011